## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

TOMMIE ETTA O'NEAL                                                        PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:25-CV-25-SA-RP

MILLSTONE MEDICAL OUTSOURCING                                            DEFENDANT

### ORDER

This matter is before the court on the *pro se* plaintiff Tommie Etta O'Neal's Motion to Strike

Certain Affirmative Defenses. ECF #15. The plaintiff seeks to strike several affirmative defenses

brought by the defendant in its Answer [ECF #8] to Plaintiff's Complaint. For the reasons below, the

court finds the motion is not well-taken and should be denied.

Pursuant to Federal Rule Civil Procedure 12(f), a court may "strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. However,

motions to strike a defense are generally disfavored and infrequently granted because the "striking a

portion of a pleading is a drastic remedy, and because it is often sought by the movant as a dilatory

tactic." *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). Accordingly, courts have

refrained from striking portions of a pleading when there is a dispute as to questions of law or fact that

can be further developed through discovery or a hearing on the merits. *See* 5C Charles A. Wright &

Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1381 (3d ed.); *Solis v. Bruister*, No. 4:10CV77-DPJ-FKB,

2012 WL 776028 (S.D. Miss. Mar. 8, 2012). "Additionally, a motion to strike should not be granted

unless the moving party demonstrates that it would be prejudiced otherwise." *E.E.O.C. v. LHC Group*

*Inc.*, No. 1:11CV355-LG-JMR, 2012 WL 3242168 (S.D. Miss. Aug. 7, 2012) (citing *Glob. Adr, Inc.*

*v. City of Hammond*, No. CIV.A. 03-457, 2003 WL 21146696 (E.D. La. May 15, 2003)).

Here, the plaintiff moves to strike several of Millstone's affirmative defenses on the grounds

that they are either irrelevant, insufficient, misplaced, or premature. However, for the reasons below,

the court finds that none of the plaintiff's arguments warrant striking the affirmative defenses.

First, the plaintiff moves to strike Millstone's second affirmative defense, failure to state a claim. Plaintiff argues that because the court has already accepted her complaint, and because the defense would be better raised under a motion to dismiss, the defense is improper and should be stricken. Because the *pro se* plaintiff sought leave to proceed before the court *in forma pauperis*, it is true that her complaint was subject to screening under 28 U.S.C. § 1915(e)(2), which provides for the *sua sponte* dismissal of the complaint if the court finds it is "frivolous or malicious" or if it "fails to state a claim on which relief may be granted." However, the court's screening and subsequent acceptance of O'Neal's complaint does not bar Millstone from raising the defense of "failure to state a claim." *See* Valdez v. Relief Enter., Inc., No. SA-15-CA-49-DAE, 2015 WL 13806191 (W.D. Tex. Feb. 26, 2015) ("The granting of IFP status as to this potential claim, however, does not affect Defendant's ability to raise jurisdictional or other defenses to this claim."). Furthermore, as to O'Neal's contention that Millstone's failure to state claim defense should have been brought before the court via motion to dismiss, the undersigned finds that this is an issue that has not yet been directly settled by the 5th Circuit. While some district courts have repeatedly found the defense of failure to state a claim to be an improper affirmative defense, some of those same courts have refrained from striking the defense and others have even found that it may be brought as an affirmative defense. *See Security Profiling, LLC v. Trend Micro Am., Inc.*, No. 616CV01165RWSJDL, 2017 WL 5150682 (E.D. Tex. Mar. 21, 2017), *report and recommendation adopted,* (deciding not to preclude defense of failure to state a claim because it may be raised under any pleading allowed under Federal Rule of Civil Procedure 7(a)); *See Iraheta v. Equifax Info. Services, LLC*, No. 5:17-CV-1363, 2018 WL 3435518 (W.D. La. July 16, 2018) (interpreting the 5th Circuit's holding as a suggestion that

failure to state a claim is an affirmative defense in its opinion for *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287 (5th Cir. 2016)). Accordingly, the court is not persuaded that Millstone's choice to bring this defense as an affirmative one warrants the striking of it from Millstone's Answer.

Next, O'Neal argues that Millstone's fifth defense, the defense that O'Neal's claims are barred by Mississippi workers' compensation law, should be stricken because it is irrelevant. Specifically, O'Neal argues that because she alleges her damages under the American with Disabilities Act, a federal statute, Millstones' defense under state law is legally irrelevant. In response, Millstone asserts that it is necessary to preserve this defense if the *pro se* plaintiff had attempted to articulate a negligence claim within her complaint. Because defendants are required to assert any applicable affirmative defenses out of an abundance of caution to avoid waiver of those defenses, the court finds that Millstone's fifth affirmative defense should not be stricken. *See Lacroix v. Marshall Cnty., Miss.*, No. 3:07CV119-B-A, 2009 WL 3246671 (N.D. Miss. Sept. 30, 2009) (denying plaintiff's motion to strike because defendants were "entitled to assert any available defenses" or potentially waive those defenses). Based on this same premise, the court declines O'Neal's request to strike Millstone's ninth, tenth, eleventh, and twelfth defenses against punitive damages. Though O'Neal argues that a defense based on constitutional protections is "premature at this stage of litigation," the court disagrees and finds that Millstone properly asserted the applicable defenses. As previously explained, the court recognizes that defendants must assert potential defenses out of an abundance of caution.

Lastly, the court addresses O'Neal's argument that the court should strike both Millstone's eight defense, failure to mitigate damages, and thirteenth defense, the equitable doctrines of Estoppel and Unclean Hands. O'Neal argues that the court should strike these

defenses for lack of factual support. Yet it is for this very reason that the court believes the defenses should not be stricken. The court cannot conclude that these defenses are insufficient at such an early stage at which facts are yet to be developed. As previously mentioned, such determinations are better made after discovery or on a motion for summary judgment.

Therefore, Plaintiff's Motion to Strike Certain Affirmative Defenses [ECF #15] is DENIED.

**SO ORDERED**, this the 21st day of April 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE